IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT S. COMER,

    Petitioner,

    v.

WARDEN, Ohio State Penitentiary,

    Respondent.

CASE NO. 2:13-CV-0003
JUDGE GEORGE C. SMITH
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

On April 22, 2013, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.[1] *Order and Report and Recommendation,* Doc. No. 13. Petitioner filed objections to the *Report and Recommendation, Objection*, Doc. No. 14, and respondent has filed a response to those objections. *Response to Petitioner's Objections*, Doc. No. 15.  For the reasons that follow, Petitioner's *Objection,* Doc. No. 14, is **OVERRULED.**  The *Report and Recommendation,* Doc. No. 13, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

In her *Report and Recommendation*, the Magistrate Judge concluded that petitioner's claims of ineffective assistance of counsel were without merit.  Specifically, the Magistrate Judge reasoned that the state appellate court's factual findings and legal conclusions were supported by the record, *see* 28 U.S.C. § 2254(d), and that, in any event, petitioner failed to establish that he had been prejudiced by any deficiency in his counsel's performance at trial. *See Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner's objections present the same arguments presented to and rejected by the Magistrate Judge.  He again complains that his trial counsel should have objected to the trial court's jury instructions regarding Ohio's "Castle

---

[1] The Magistrate Judge also denied petitioner's *Motion to Complete the Record,* Doc. No. 8, as moot.

1

doctrine" and the duty to retreat and alleges that his attorney performed in a constitutionally ineffective manner when he failed to make a proper motion for judgment of acquittal under Ohio Criminal Rule 29 and when he failed to request that the trial court instruct the jury on the issue of fault in connection with the death of another.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that petitioner's claims do not warrant federal habeas corpus relief.  Petitioner's *Objection,* Doc. No. 14, is therefore **OVERRULED**.  The *Report and Recommendation*, Doc. No. 13, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

Petitioner also requests a certificate of appealability;  respondent opposes that request.  Where, as here, a claim is denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, at 893  n.4).

The Court concludes that reasonable jurists could debate whether petitioner's claims should have been resolved differently.  Petitioner's request for a certificate of appealability is therefore **GRANTED**.  The Court **CERTIFIES** the following issue for appeal:

Was Petitioner denied the effective assistance of counsel?

Petitioner's request to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to renewal in a separate motion that complies with Fed. R. App. P. 24(a)(1).

  s/ George C. Smith
GEORGE C. SMITH
United States District Judge
